## MOULTRIE COTTON MILLS

v.

### The UNITED STATES.

#### No. 448–54.

United States Court of Claims.

May 8, 1957.

Wilton H. Wallace, Washington, D. C., for the plaintiff. Henry F. Lerch, Washington, D. C., was on the brief.

James X. Kilbridge, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for the defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiff in this suit seeks to recover $19,716.39, plus interest, in overpayments of its income and excess profits taxes for the years 1941, 1942 and 1944 occasioned by the recomputation of the value of its inventories for those and other years. Defendant does not contest the correctness of plaintiff's claim, but moves for summary judgment solely on the ground that plaintiff's claim is barred by the statute of limitation applicable to

claims for refund, section 322(b) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 322(b) (1). Plaintiff admits that if section 322(b) (1) is applicable to its claims for refund it is barred from recovery, but contends that section 3801 of the Code, 26 U.S.C.A. § 3801 provides it with the necessary relief notwithstanding section 322(b) (1), and has therefore filed a cross-motion for summary judgment. The issue for decision is whether or not under the uncontested facts in this case plaintiff has filed a timely claim for refund which will entitle it to the relief prayed for.

Plaintiff is a Georgia corporation engaged in the manufacture of cotton goods. In 1941, plaintiff, in accordance with section 22(d) of the Code, 26 U.S.C.A. § 22(d), and the regulations applicable thereto, elected to use the "last-in first-out" (LIFO) method of computing its inventory for tax purposes. In making this election plaintiff specified, in accordance with the statute and regulations, that only raw cotton in bales would be inventoried by the LIFO method and that goods in process, finished goods, and all other inventory items would be valued at cost or market value whichever was lower. In filing its tax returns for 1941 through 1947, plaintiff computed the value of its inventories in accordance with its 1941 election. Upon filing its income tax return for the year 1948, plaintiff, pursuant to the provisions of Reg. 111, Sec. 29.22(d)–1, as amended, notified the Commissioner of Internal Revenue of its intention to adopt the LIFO inventory method to opening and closing inventories of cotton, including the cotton content of goods in process and finished goods. Reg. 111, Sec. 29.22(d)–1 as amended by T.D. 5407, 1944 C.B. 83, reads as follows:

"* * * Upon written notice addressed to the Commissioner a taxpayer who has heretofore adopted the elective inventory method in respect to any goods may adopt the method herein authorized and limit the election to raw material, including raw materials entering into goods in process and in finished goods. If this method is adopted as to any specific goods, it must be used exclusively for such goods for any previous year (not closed by agreement) to which the previous election applies and all subsequent years, unless permission to change is granted by the Commissioner. * * *"

Since none of the years from 1941, the year in which plaintiff first elected to use a limited LIFO method, were closed by agreement plaintiff *was required* under the last sentence of Reg. 111, Sec. 29.22 (d)–1, to go back and recompute its inventories for the years 1941 to 1947, inclusive. In so doing there resulted from the required inventory adjustments an overpayment of taxes for the years 1941 to 1946, inclusive, and a deficiency in tax for the year 1947.

On March 11, 1949, plaintiff paid the deficiency in tax for the year 1947, and filed claims for refund of the overpayment in taxes for 1941 through 1946. On July 21, 1953, the Commissioner notified plaintiff that its claims for refund for the years 1941, 1942 and 1944 were disallowed. The action of the Commissioner in disallowing plaintiff's claims was based on his conclusion that the claims for those years were barred by section 322(b) of the Code which provides:

"*Period of Limitation.* Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * *"

On January 21, and January 25, 1954, the Commissioner allowed plaintiff's claims for refund with respect to the years 1943, 1945, and 1946. The year 1943 was open by consents extending the period of limitation and therefore was not included in that group of years in which claims for refund were disallowed.

Plaintiff has brought suit in this court to recover the overpayments of income and excess profits taxes for the years 1941, 1942, and 1944, contending that the Commissioner erred in applying the statute of limitation found in section 322(b) (1) to its claims for refund and instead should have applied section 3801 of the Code and allowed the claims.

Section 3801 of the Code provides in pertinent part:

"*Mitigation of effect of limitation and other provisions in income tax cases—(a) Definition.* For the purpose of this section—

"(1) *Determination.* The term 'determination under the income tax laws' means—

\*　　\*　　\*　　\*　　\*

"(C) A final disposition by the Commissioner of a claim for refund.
\*　\*　\*

\*　　\*　　\*　　\*　　\*

"(b) *Circumstances of adjustment.* When a determination under the income tax laws—

"(1) Requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer; or

"(2) Allows a deduction or credit which was erroneously allowed to the taxpayer for another taxable year or to a related taxpayer; or

"(3) Requires the exclusion from gross income of an item with respect to which tax was paid and which was erroneosuly excluded or omitted from the gross income of the taxpayer for another taxable year or from the gross income of a related taxpayer; or (4) \* \* \* ; or (5) \* \* \*

and, on the date the determination becomes final, correction of the effect of the error is prevented by the operation (whether before, on, or after May 28, 1938) of any provision of the internal-revenue laws other than this section and other than section

3761 (relating to compromises), then the effect of the error shall be corrected by an adjustment made under this section. Such adjustment shall be made only if there is adopted in the determination a position maintained by the Commissioner (in case the amount of the adjustment would be refunded or credited in the same manner as an overpayment under subsection (c)) or by the taxpayer with respect to whom the determination is made (in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under subsection (c)), which position is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be. \* \* \*

"(c) *Method of adjustment.* The adjustment authorized in subsection (b) shall be made by assessing and collecting, or refunding or crediting, the amount thereof, to be ascertained as provided in subsection (d), in the same manner as if it were a deficiency determined by the Commissioner with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable year with respect to which the error was made, and as if on the date of the determination specified in subsection (b) one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year."

It is the position of the defendant in its motion for summary judgment that plaintiff's claim does not fall within the purview of section 3801 because (1) the adjustments to inventory valuation upon which claims for refund were based do not meet the technical requirements of section 3801(b) (1) to (5); (2) there has been no inconsistent position maintained by the Commissioner required also by section 3801(b), and (3) section 3801 (c) requires the filing of a claim for re-

fund within one year after a determination specified in subsection (b) of section 3801 and plaintiff filed its claims for refund before any such determination by the Commissioner.

■ This court has had occasion to deal with problems very similar to the one now at bar. In Gooch Milling & Elevator Co. v. United States, 78 F.Supp. 94, 111 Ct.Cl. 576, plaintiff, from 1929 to 1936 inclusive, overvalued its inventories by reason of the erroneous inclusion in its opening and closing inventories the value of wheat to which it had not taken title. An audit of plaintiff's returns and books in 1938 by a revenue agent revealed this error and a recomputation of plaintiff's operating profit, net income and tax for each of those years was made on the basis of the revaluation of the inventories. The reduced value of the opening inventory for 1936 resulted in a higher gross income together with a higher tax liability for that year. The Commissioner assessed this additional tax against the plaintiff. Plaintiff then filed a claim for refund for 1935 based upon the reduction in closing inventory which produced a lower gross income and a corresponding lesser tax liability. The Commissioner denied plaintiff's claim on the ground that it was barred by the statute of limitations and that section 820 of the Internal Revenue Act of 1938, now section 3801 of the Code, did not apply. The court held that the Commissioner erred in his determination, and that the situation presented in that case was exactly what section 3801 was intended to remedy. There is very little difference between the situation presented in the Gooch case and the one now before us. Plaintiff here was required to correct its valuation of inventories for all the years 1941 through 1947 which became erroneous when it elected to use the LIFO method of inventorying all of its cotton in 1948, whereas Gooch had to correct for an erroneous inclusion in inventory the value of wheat to which it had no title. Both involve the inclusion or exclusion of an item of gross income in one year which has been erroneously included or excluded in another taxable year. These inventory adjustments are exactly the type of situation to which section 3801(b) (1) and (3) directs itself. See also H. T. Hackney Co. Inc. v. United States, 78 F.Supp. 101, 111 Ct.Cl. 664, and contra Dubuque Packing Co. v. United States, 8 Cir., 233 F.2d 453. On the authority of the two decisions in this court, Gooch Milling & Elevator Co., supra, and Hackney, supra, we hold that the adjustments required of plaintiff in recomputing its inventories fall within the *circumstances of adjustment* as outlined in section 3801(b).

■ As to the second question raised by the defendant in its motion for summary judgment, i. e., whether there has been an inconsistent position maintained by the Commissioner as required by section 3801(b), we hold that the allowance in 1954 of plaintiff's claims for refund for the years 1943, 1945 and 1946, based on the required inventory recomputation, is a determination by the Commissioner inconsistent with the prior (1953) denial of plaintiff's claims for refund for the years 1941, 1942 and 1944 which were based on the same required recomputation.

■ Finally, defendant contends that section 3801(c) requires a taxpayer to file a claim for refund under section 3801 *after* there has been a section 3801 "determination" by the Commissioner, and that failure to file *after* the "determination" precludes the bringing of a suit under that section. In the present case the "determination" under section 3801 occurred in 1954 when the Commissioner allowed plaintiff's claims for the years 1943, 1945, and 1946. Under the defendant's theory plaintiff would not be able to maintain this action since its claims for refund, which form the basis for this law suit, were filed in 1949, which is *before* and not *after* the section 3801 "determination" by the Commissioner.

Section 3801(c) extends for one year after a "determination" the period of limitation for filing of a claim for refund thereunder. We do not read this

section as requiring a taxpayer to refile with the Commissioner a claim for refund previously filed claiming the benefits of that section. Plaintiff herein filed its claims for refund for the years 1941, 1942 and 1944, shortly after it was required to recompute its inventories and became aware of the overpayments of tax for those years. These claims *expressly* invoked the benefits of section 3801 and were therefore sufficient to apprise the Commissioner of the grounds for relief to which plaintiff considered itself entitled. Section 3801 is a relief statute intended to benefit both the Government and the taxpayer and as such should be liberally construed. To insist that a taxpayer file two identical claims for refund under this same section would require us to put a hypertechnical construction upon a relief statute which we do not feel obliged to do. We therefore hold that plaintiff filed a timely claim for refund under section 3801.

For the reasons set forth in the above opinion of the court, defendant's motion for summary judgment is denied and plaintiff's cross-motion for summary judgment is granted.

Plaintiff is entitled to recover, together with interest provided by law, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

LARAMORE, and WHITAKER, Judges, concur.

MADDEN, Judge (dissenting).

I think section 3801 is not applicable. Everything that the plaintiff did, it did by its own choice, and not because the taxing authorities required it to do so. In 1941 the plaintiff elected to use LIFO in computing its inventory of raw cotton in bales, and another method for the rest of its inventory. In 1948 it elected to use LIFO for all its inventory. According to the applicable regulation, having so elected, it was required to use this method for previous years not closed

by agreement. We are not informed as to whether this really meant that a taxpayer could, after any number of years of experience, look back over his tax situation and, if he saw that he would have saved money by the different election, reopen all those years and get his money back. If this is so, it is not consistent with much that the Supreme Court has said about the necessity that the Government know what its revenues are, as nearly as possible on a year to year basis.

A more supportable view would be that the taxpayer should recompute his taxes for previous years not closed by agreement, nor by the running of the Statute of Limitations against the taxpayer or the Government, as the case might be. Of course, if the statute and regulations as to inventories repealed, *pro tanto*, the Statute of Limitations, then the plaintiff should recover, but not because of the doctrine of section 3801.

The case of Gooch Milling & Elevator Co. v. United States, 78 F.Supp. 94, 111 Ct.Cl. 576, on which the court relies in its opinion, was not like the instant case. In Gooch, the Commissioner of Internal Revenue assessed additional taxes against the taxpayer for the year 1936 because of an error which the taxpayer had made in including in its inventory wheat not owned. The taxpayer then said that if the Commissioner's correction of the 1936 inventory was right, it meant that the taxpayer had a smaller closing inventory and less taxable income for 1935. The court applied section 3801, and allowed the taxpayer to recover though the period of the Statute of Limitations had elapsed. There the inconsistency between the treatment of the 1936 income and the 1935 income was forced upon the taxpayer by the action of the Commissioner with regard to the 1936 income. In the instant case the recomputation of the income for the earlier years occurred as a result of the taxpayer's own election. I think that section 3801 does not give one the privilege, where the Commissioner has done nothing with regard to his taxes, to unilaterally elect that he may have a refund of

taxes though the Statute of Limitations has run.

I do not understand the court's statement that the Commissioner took inconsistent positions in denying refunds for the earlier years and granting them for the later years. The only reason for the different treatment was the Statute of Limitations. It had nothing to do with methods of computing inventory. Surely the Commissioner does not open the situation for the application of section 3801 every time he decides that some of a taxpayer's claims for refund are barred by limitation and some are not.

JONES, Chief Judge, joins in the foregoing dissenting opinion.