W. A. BELCHER and Nell V. Belcher,
Plaintiffs,

v.

A. J. O'DONNELL, Jr., District Director
of Internal Revenue, Defendant.

Van Elam BELCHER and Lilli D. Belcher,
Plaintiffs,

v.

A. J. O'DONNELL, Jr., District Director
of Internal Revenue, Defendant.

William A. BELCHER, Jr., Plaintiff,

v.

A. J. O'DONNELL, Jr., District Director
of Internal Revenue, Defendant.

Katherine Anne Belcher HAYDOCK,
Plaintiff,

v.

A. J. O'DONNELL, Jr., District Director
of Internal Revenue, Defendant.

Civ. A. Nos. 66–101–66–104.

United States District Court
N. D. Alabama, S. D.

June 29, 1967.

Erle Pettus, Jr., of Rives, Peterson, Pettus & Conway, Birmingham, Ala., for plaintiffs.

Macon L. Weaver, U. S. Atty., and E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., and Mitchell Rogovin, Asst. Atty. Gen., Myron C. Baum and Jack D. Warren, Attys., Department of Justice, Washington, D. C., for defendant.

OPINION

LYNNE, Chief Judge.

Involving common questions of law and fact, these four actions were consolidated for purpose of trial and submitted to the court, without the intervention of a jury, upon the pleadings, the order on pretrial hearing and the proof. Plaintiffs, members of the same family, seek a recovery of income taxes in the aggregate amount of $129,991.90 which were assessed and collected for the year 1954 as will here-inafter more fully appear. This litigation has an ancient history, a review of which will serve to highlight the critical

and common issue upon which the parties hereto have joined.

On July 15, 1950, the Belcher Land & Timber Company, a partnership,[1] sold a tract of land known as the Allendale Tract to Atlanta Highway Estates (Atlanta). Such sale was made on the installment basis, the unpaid purchase price having been represented by a promissory note secured by a mortgage. In 1953, Atlanta defaulted and the partnership foreclosed the mortgage. At the foreclosure sale, the partnership bid in the property and received a foreclosure deed thereto dated February 14, 1953. The amount of such bid was less than the balance due on the installment obligation. Thereafter, on July 26, 1954, Atlanta transferred to the partnership its statutory right to redeem[2] pursuant to an agreement that thereby its obligation to the partnership would be satisfied. Notwithstanding the fact that the obligation was satisfied at less than face value, the partnership received capital gains on the disposition of the obligation.[3] Involved herein is the tax on the distributive shares of such partnership gain. Neither of the plaintiffs included in his income tax return for 1953 any part of such gain.

On June 24, 1959, the Commissioner of Internal Revenue sent to each plaintiff a statutory notice of deficiency wherein, for the first time, he maintained that a part of the partnership gain was includable in the gross income of each plaintiff for the year 1953. All of the taxpayers filed petitions in the Tax Court contesting the deficiency notice. The proceedings in the Tax Court were consolidated and a decision rendered therein under the caption, William Albert Belcher, Jr. v. Commissioner of Internal Revenue, decided January 8, 1965 (P-H Memo T.C., par. 65,001).

In addition to the taxpayers herein, Mary Belcher Abernathy was a party to the proceeding in the Tax Court for the year 1953 only. She was one of the beneficiaries of the Belcher trust and her interest in the Commissioner's determination that the partnership received gain on the Allendale tract mortgage foreclosure in the year 1953 was identical, except as to the amount, with that of the other members of the family. She and her husband (the Abernathys) filed a joint return for 1953 and became joint petitioners in the consolidated Tax Court case.

The notices of deficiency, involved in the Tax Court proceeding, covered the years 1950 through 1955 for each of the petitioners in such court. Each of them paid the deficiencies for the years 1950 and 1951 and filed claims for refund.

1. The members of the partnership and their respective interests therein were as follows:

| | Per Cent |
|---|---|
| William Albert Belcher | 34 |
| Nell Vandergrift Belcher | 34 |
| William A. Belcher, Sr. Trust, Nell Vandergrift Belcher as Trustee for: | |
| Mary Earnestine Belcher Abernathy | 8 |
| William Albert Belcher, Jr. | 8 |
| Van Elam Belcher | 8 |
| Katherine Anne Belcher | 8 |
| | 32 |
| Total | 100 |

2. Code of Alabama, title 7, § 727 (Recomp.1958).

3. See Abernathy v. Patterson (N.D.Ala.), decided March 29, 1963 (12 A.F.T.R.2d 5179, 5180) and Belcher v. Commissioner of Internal Revenue decided January 8, 1965 (P-H Memo T.C., par. 65,001). The amount of the partnership gain is not in dispute.

The Abernathys also paid the deficiencies for the years 1952, 1954 and 1955 and filed claims for refund. The deficiencies for 1953 were not paid but petitions for redetermination were filed in the Tax Court for that year.

Upon denial of the claims for refund for the years 1950, 1951, 1952, 1954 and 1955, suits for refund were instituted in this court. They were consolidated for trial under the style of Belcher v. Patterson (D.C.N.D.Ala.1960), 6 A.F. T.R.2d 5697.

Among the many issues presented in Belcher v. Patterson, supra, of particular pertinence is the one raised by the Abernathys relating to the cost of sales of parcels in 1955 from the reacquired Allendale tract. They maintained that the foreclosure of the mortgage thereon did not constitute a taxable event and in the alternative, if it did, the basis of the property should be stepped up to the extent that such gain was recognized. This court found that the mortgage foreclosure did constitute a taxable event but declined to determine the year of its occurrence. Belcher v. Patterson, supra. At the conclusion of the trial in this court, but before an opinion was filed, a motion for setoff against the Abernathys was filed by the government based upon information that the Tax Court petitioners in Belcher v. Commissioner of Internal Revenue, supra, were contending that the Allendale tract mortgage foreclosure did not constitute a taxable event in 1950 but rather in 1954 or 1955. The motion embodied a request that this court determine the specific year of such taxable event. On appeal it was held that this court's refusal to make a determination of the specific year in which the gain

constituted a taxable event was error.[4] On remand, in Abernathy v. Patterson, decided March 29, 1963 (12 A.F.T.R.2d 5179), this court determined that the mortgage foreclosure constituted a taxable event in 1954 and the share of the Abernathys in the partnership gain resulting therefrom was offset against the amount they were otherwise entitled to recover by virtue of prevailing on other issues for that year.

The judgment of this court entered in Abernathy v. Patterson, supra, on March 29, 1963, became final on July 2, 1963, when an appeal taken therefrom by the defendant was dismissed before it had been docketed in the Court of Appeals.

On January 22, 1964, the Commissioner sent to each of the taxpayers herein a statutory notice of deficiency[5] taking the position that a part of the gain realized by the partnership from the Allendale tract mortgage foreclosure should be included in his gross income for the year 1954. On May 8, 1964, the tax deficiencies were assessed and were thereafter paid by each plaintiff on August 20, 1964.

Following such assessment, the Tax Court on January 8, 1965, entered its decision in Belcher v. Commissioner of Internal Revenue, supra, in which, after independently canvassing the facts found and the conclusions arrived at by this court in Abernathy v. Patterson, supra, it agreed that " * * * the mortgage foreclosure resulted in taxable income to the partnership, and hence to all the partners, in the year 1954 and not in the year 1953." Its decision became final on April 8, 1965.[6] A claim for refund was filed in behalf of each plaintiff on February 25, 1965, wherein

---

4. Patterson v. Belcher, 302 F.2d 289 (5th Cir. 1962).

5. In the statutory notice of deficiency sent to each taxpayer the authority cited for the adjustment was as follows:
 "Sections 1311, 61, 702, 704, 1202, Internal Revenue Code of 1954. See also James R. Abernathy, Jr., and Mary Belcher Abernathy, Plaintiffs, vs. George D. Patterson, District Director of Internal Revenue, Respondent, U. S. District Court, No.Dist. of Ala., So.Div., Civil Action No. 9640, January 31, 1963."

6. 26 U.S.C.A. §§ 7481 and 7483.

it was asserted that the assessment and collection of taxes for the year 1954 were barred by the statute of limitations.[7] After a period of more than six months had elapsed since such claims for refund were filed and on February 21, 1966, a complaint, renewing this contention, was filed herein in behalf of each plaintiff.

For the first time, in the amended answer filed in behalf of defendant in each of these cases on May 16, 1966, reliance was placed both upon the judgment of this court in Abernathy v. Patterson, supra, and the decision of the Tax Court in Belcher v. Commissioner of Internal Revenue, supra, as a final determination mitigating the statute of limitations within the purview of 26 U.S.C.A. §§ 1311 through 1315. However, in the order on pretrial hearing entered herein on July 15, 1966, the contentions of the parties were stated as follows:

"In each case it is contended that the assessment of income taxes for the year 1954 was barred by the statute of limitations and, therefore, that such taxes were erroneously assessed and illegally collected.

"Relying upon the provisions of the mitigation sections of the Code, 26 U.S.C.A. 1311, et seq., defendant insists that the assessment as to each taxpayer was made within one year after determination by this court of the occurrence of a taxable event in the year 1954 in the case of a related taxpayer (Abernathy)."

By letter dated October 24, 1966, addressed to the court with copy to adversary counsel, defendant advised that at the trial he intended to rely upon the decision of the Tax Court in Belcher v. Commissioner of Internal Revenue, supra, as a determination which validated the assessments involved herein. While no formal amendment of the order on pretrial hearing was requested or entered, permission was granted upon the trial on November 28, 1966, for defendant to insist that the Tax Court decision

constituted the requisite statutory determination. In oral argument at the conclusion of the evidence, the attorney for the defendant stated that while the government relied primarily upon the judgment of this court in Abernathy v. Patterson, supra, in the alternative reliance was placed upon the Tax Court decision in Belcher v. Commissioner of Internal Revenue, supra. Finally, in brief, the government abandoned its contention that this court's judgment in Abernathy v. Patterson, supra, constituted the requisite determination because it was not one of exclusion as required by the statute to support the new assessment. Thus there emerges the pivotal question as to whether the assessments herein made pursuant to notices of deficiency (January 22, 1964) are valid by virtue of the provisions of sections 1311 through 1315 of the Internal Revenue Code of 1954,[8] notwithstanding that the notices of deficiency were issued before the date of the determination (April 8, 1965) of the error corrected by the assessments.

Section 1314(b) provides the method by which the adjustments computed under section 1314(a) and (c) are to be implemented. It provides that, where the adjustments result in deficiencies as here, the deficiencies shall be assessed in the regular manner *as if on the date of the determination one year remained before the expiration of the periods of limitation upon assessment.* [Emphasis supplied.]

The government's brief underscores the controversy between the parties hereto as to the proper interpretation of this critical clause as follows:

"The taxpayers maintain that, in statutory context, this provision requires that a notice of deficiency must be issued after the determination defined in section 1313(a)(1) in order for the other provisions of the mitigations sections to apply. On the other hand, the government maintains that this provision merely establishes a point

---

7. 26 U.S.C.A. § 6501.

8. 26 U.S.C.A. §§ 1311–1315.

in time, i. e., one year after the determination, beyond which a notice of deficiency may not be issued."[9]

This court heartily endorses the observation of Judge Wisdom, writing for the court in United States v. Rachal, 312 F.2d 376 (5th Cir. 1962), that

"Section 3801 of the 1939 Code and Sections 1311–15 of the 1954 Code are technical, complicated, and necessarily difficult to administer. * * * Such uncertainty in the administration of the mitigating provisions is an inevitable consequence of the liberal approach of the Court of Claims in Gooch, Hackney, & Moultrie and the strict approach of the Tax Court, in Brennen v. Commissioner, 20 T.C. 495 (1953) and McDonald v. Commissioner, 17 T.C. 934 (1951). See Comment, Adjustments for Tax Consequences, 72 Harv.L.Rev. 1536 (1959)."

While the *Rachal* court did not openly espouse either approach, it rested its ultimate conclusion upon "the necessity for fitting the facts of each case into the concrete, detailed requirements set out in the statute."

This court finds it unnecessary to label its approach to the problem of testing the facts of this case by the language of the statute and the regulations promulgated thereunder although there is persuasive authority for the strict construction for which plaintiffs contend. In C. I. R. v. Goldstein's Estate, 340 F.2d 24 (2d Cir. 1965), it was stated categorically that "[t]he Tax Court properly gave a strict construction to the provisions allowing the reopening of closed years."

In its excellent brief, the government places heavy reliance upon the rationale of Moultrie Cotton Mills v. United States, 151 F.Supp. 482, 138 ct. cl. 208 (1957), which was approved and followed in Esterbrook Pen Co. v. United States (D.C. New Jersey, decided July 7, 1960), 6 A.F.T.R.2d 5123. After adverting to the defendant's contention that "plaintiff would not be able to maintain this action since its claims for refund, which form the basis of this law suit, were filed in 1949, which is *before* and not *after* the section 3801 'determination' by the Commissioner," the Court of Claims concluded that "[t]o insist that a taxpayer file two identical claims for refund under this same section would require us to put a hypertechnical construction upon a relief statute which we do not feel obliged to do." This court finds it unnecessary to disagree with *Moultrie* and *Esterbrook* in order to arrive at a decision on the facts of this case.

Long before the Tax Court decided Belcher v. Commissioner of Internal Revenue (January 8, 1965) and the date when its decision became final (April 8, 1965), a statutory notice of deficiency had been sent to each plaintiff (January 22, 1964), the tax deficiencies had been assessed (May 8, 1964), and the taxes had been collected (August 20, 1964).

To hold that the assessments and collections of these taxes, conceded by the government to have been barred by the statute of limitations when made, were validated by the subsequent Tax Court determination would plainly deprive taxpayers of their rights to contest the deficiency before the Tax Court assured by

---

**9.** In pertinent part, Treasury Regulations on Income Tax (1954 Code), § 1314(b)–1(b) reads as follows:

* * * * *

(b) For the purpose of the adjustments authorized by section 1311, the period of limitations upon the making of an assessment or upon refund or credit, as the case may be, for the taxable year of an adjustment shall be considered as if, on the date of the determination, one year remained before the expiration of such period. The

Commissioner thus has one year from the date of the determination within which to mail a notice of deficiency in respect of the amount of the adjustment where such adjustment is treated as if it were a deficiency. The issuance of such notice of deficiency, in accordance with the law and regulations applicable to the assessment of deficiencies will suspend the running of the 1-year period of limitations provided in section 1314(b). * * *

[26 C.F.R., § 1.1314(b)–1(b)]

the regulations.[10] It may not lightly be assumed that plaintiffs would not have taken advantage of the Tax Court route had it been open to them, particularly in view of the intriguing footnote to Judge Drennen's decision in Belcher v. Commissioner of Internal Revenue, supra, which is reproduced in the margin.[11] Concluding that the Tax Court decision in

Belcher v. Commissioner of Internal Revenue, supra, under the concrete facts of this case, did not constitute an effective "determination" within the purview of section 1312(3) (B) of the Internal Revenue Code of 1954, the court directs entry of judgment in favor of each plaintiff.

Done, this the 15th day of June, 1967.

10. Specifically, Treasury Regulations on Income Tax (1954 Code), § 1.1314(b)–1 (a) provides:

   \*   \*   \*   Notice of deficiency, unless waived must be issued with respect to such amount or amounts, and the taxpayer may contest the deficiency before the Tax Court of the United States or, if he chooses, may pay the deficiency and later file claim for refund. [26 C.F.R. § 1314(b)–1(a)]

11. "We recognize the dilemma respondent found himself in when the other partners accepted his determinations for the year 1954 and failed to put their tax liability for that year in issue either in the District Court or in this Court, while contesting respondent's determination that they realized income from the foreclosure in 1953 in this Court on the ground that no taxable event occurred until 1954. We also recognize that the partners other than the Abernathys may avoid tax on this gain altogether as a result of the conclusion of the District Court and our conclusion here. However, respondent chose to raise this issue in the Abernathy refund suit."